53 F.3d 330
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Thomas V. WILLIAMS; Frances M. Williams; Tyler E.
Williams, Jr.; Frances R. Williams, Plaintiffs-Appellants,
v.
TEXACO REFINING and Marketing Incorporated, Defendant-Appellee.
 No. 94-2087.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 6, 1995.
Decided: May 1, 1995.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-94-876-A)
 ARGUED: Gary Richards Sheehan, Gary R. Sheehan, Ltd., Fairfax, VA, for Appellants. Robert Scott Brennen, Miles & Stockbridge, Baltimore, MD, for Appellee. ON BRIEF: Mark D. Gately, Miles & Stockbridge, Baltimore, MD, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN, HAMILTON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Thomas V. Williams, Frances M. Williams, Tyler E. Williams, Jr., and Frances R. Williams (collectively Appellants) appeal from the district court's dismissal of their complaint for failure to state a claim on which relief could be granted. See Fed.R.Civ.P. 12(b)(6). In 1992, the Appellants instituted suit against the Appellee, Texaco Refining and Marketing, Incorporated (Texaco), for alleged injury to their realty; however, the parties, through respective counsel, subsequently settled the suit. Pursuant to the settlement agreement, Texaco agreed to pay the Appellants $143,000 for alleged contamination to their realty caused by hazardous substances and also agreed to purchase the realty. In return, the Appellants agreed to release Texaco from all present and future claims in connection with injury to the realty by contamination, but reserved the right to pursue future claims against Texaco with respect to any resulting injury to their minor children.
 
 
 2
 Subsequently, the Appellants instituted the present suit, contending that Texaco misrepresented a material fact in connection with the settlement agreement. According to the Appellants, Texaco misrepresented that it would not pay more than $143,000 for settlement of any property damage claims, but that it had paid up to $650,000 in settlement to other persons affected by the contamination. The Appellants, therefore, brought a fraud claim against Texaco, asserting that the settlement agreement was the product of fraud in the inducement. The district court rejected the Appellants' contention. According to the district court, Texaco's alleged statement that it would pay no more than $143,000 for settlement was mere puffery made by opposing counsel during the course of settlement negotiations. As such, the statement simply was not a misrepresentation of material fact. Accordingly, the district court dismissed the suit pursuant to Rule 12(b)(6), concluding that under no set of facts could the Appellants possibly succeed on their claim. Implicit in the district court's ruling was denial of the Appellants' request to amend their complaint.
 
 
 3
 Our review of the record and the arguments of counsel disclose that the Appellants' appeal is without merit. We agree with the district court that the Appellants cannot succeed on their claim because Texaco's alleged statement was mere puffery made in arms-length settlement negotiations between opposing counsel. As the district court properly recognized, Texaco's alleged statement was simply not a misrepresentation of material fact, an element essential to a fraud claim. Likewise, we agree with the district court that the Appellants were properly denied leave to amend their complaint because any amendment would be futile; under no set of facts, regardless of how artfully pled, could the Appellants succeed on their claim. Accordingly, we affirm on the reasoning of the district court. Williams v. Texaco Refining, No. CA-94-876-A (E.D. Va. July 25, 1994).
 
 AFFIRMED